# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 10
Kathryn Casey, et al.,
      Respondents,
Pamela Renna et al.,
   Plaintiffs-Intervenors,
      v.
Whitehouse Estates, Inc., et al.,
      Appellants.
----------------------------
Whitehouse Estates, Inc., et al.,
   Third-Party Appellants,
     v.
Roberta L. Koeppel, et al.,
   Third-Party Defendants.

Jeffrey Turkel, for appellants.
Ronald S. Languedoc, for respondents.
Rent Stabilization Association of NYC, Inc. et al., Housing Rights Initiative, amici curiae.

MEMORANDUM:

The order of the Appellate Division insofar as appealed from should be reversed, with costs, plaintiffs' motion insofar as it sought summary judgment declaring that their legal regulated rent should be calculated according to the Rent Stabilization Code's default

formula denied, the case remitted to Supreme Court for further proceedings in accordance with this memorandum, and the certified question answered in the negative.

On October 14, 2011, plaintiffs, tenants of a building located in Manhattan, brought a class action against defendants, the building's owners, managing agents, and landlords seeking, in relevant part, rent overcharges. After extensive discovery, plaintiffs moved for summary judgment, alleging that defendants engaged in fraud and failed to produce adequate rent records, therefore requiring use of the default formula to determine any overcharge. Supreme Court granted plaintiffs' motion. A divided Appellate Division affirmed Supreme Court's order "which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring that their legal regulated rent should be calculated according to the Rent Stabilization Code's default formula and denied defendants' cross motion to determine the amount of use and occupancy."[1]

*Matter of Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal* was decided after Supreme Court granted plaintiffs' motion (35 NY3d 332 [2020]). There, this Court made clear that, under the pre-Housing Stability and Tenant Protection Act of 2019 law applicable here, "review of rental history outside the four-year lookback period [i]s permitted only in the limited category of cases where the tenant produced evidence of a fraudulent scheme to deregulate and, even then, solely to

---

[1] At the Appellate Division, plaintiffs conceded that they had "previously stated to [that] Court that they do not oppose that part of the appeal which deals with [d]efendants' affirmative defenses that two of the [d]efendants were acting as agents of a disclosed principal."

ascertain whether fraud occurred—not to furnish evidence for calculation of the base date rent or permit recovery for years of overcharges barred by the statute of limitations" (*id.* at 335 [internal citations omitted]).  In fraud cases, because the reliability of the base date rent has been tainted, "this Court sanctioned use of the default formula to set the base date rent" (*id.*; *see Matter of Grimm v State Div. of Hous. and Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 367 [2010]).  *Regina* also held that "deregulation of [ ] apartments during receipt of J-51 benefits was not based on a fraudulent misstatement of fact but on a misinterpretation of the law [and so] a finding of willfulness is generally not applicable to cases arising in the aftermath of *Roberts* [and] [b]ecause conduct cannot be fraudulent without being willful, it follows that the fraud exception to the lookback rule is generally inapplicable to *Roberts* overcharge claims" (*Regina*, 35 NY3d at 356 [internal quotations and citations omitted]).

Plaintiffs failed to meet their burden on summary judgment. Defendants' deregulation of the apartments was based on this same "misinterpretation of the law" involved in *Regina* and therefore that conduct did not constitute fraud (*id.*).  Defendants' subsequent re-registering of the apartments occurred after the four-year lookback period, and plaintiffs have failed to offer evidence that it somehow affected the reliability of the actual rent plaintiffs paid on the base date.

For purposes of calculating overcharges, where it is possible to determine the rent "actually charged on the base date"—here October 14, 2007—that amount should be used and rent increases legally available to defendants pursuant to the RSL during the four-year period should be added (*id.* at 355-56).  We agree with the dissent below that "[i]t is unclear

whether the records made available by either party provide enough information to determine the base date rent in accordance with *Regina* for any of the subject apartments" (197 AD3d 401, 411 [2021] [Gische, J., dissenting]).  On remittal, that assessment must be made for each apartment.

Order insofar as appealed from reversed, with costs, plaintiffs' motion insofar as sought summary judgment declaring that their legal regulated rent should be calculated according to the Rent Stabilization Code's default formula denied, case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein, and certified question answered in the negative. Acting Chief Judge Cannataro and Judges Rivera Garcia, Wilson, Singas and Troutman concur.

Decided March 16, 2023